**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30205 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00052-RRB-1 |
| v. | |
| MAURICE MARQUETTE MACKEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted May 4, 2011[**]
Anchorage, Alaska

Before: ALARCÓN, GRABER, and BYBEE, Circuit Judges.

Defendant Maurice Marquette Mackey moved to suppress evidence of drug trafficking obtained after federal agents conducted a protective sweep of his residence following his arrest. After two evidentiary hearings on the matter, the district court denied the motion. Defendant timely appeals that ruling.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

We review de novo the district court's denial of a motion to suppress. United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011). We review the district court's factual findings for clear error. Id.

We agree with the district court that the agents' search was reasonable in the circumstances, and we affirm. See Maryland v. Buie, 494 U.S. 325, 331 (1990) ("[T]he Fourth Amendment bars only unreasonable searches and seizures."). Four agents came to Defendant's house on a very cold day, armed with a warrant for Defendant's arrest for distributing crack cocaine. When Defendant opened his front door in answer to the agents' knock, the agents smelled burning marijuana, and one of them heard what sounded like footsteps coming from inside the house. After taking Defendant into custody on the front porch of the house, not knowing who or what was inside that might harm them, two agents made a quick security sweep of the house, looking only in locations where a person could hide.

Immediately upon entering, they saw, in plain view, a pile of money and a bag of marijuana. They then heard a rustling noise coming from the rear bedroom and went to investigate. In that bedroom they found two adult pit bull dogs, several boxes of ammunition covered in white powder, and more powder on the

closet shelf. On the basis of those observations,[1] the agents obtained a search warrant, which led to the discovery and seizure of the evidence that Defendant wants to suppress.

When officers lawfully arrest a person immediately outside his home, they may search the interior of the home so long as they have a "reasonable suspicion of danger." United States v. Paopao, 469 F.3d 760, 766 (9th Cir. 2006). That is all that happened here. After hearing what they thought were footsteps from inside the house, and recognizing their vulnerability while standing on the porch next to two large windows, to ensure their safety the officers reasonably entered the home to make a brief survey of the places where another person could hide.

Even if the agents exceeded the bounds of a protective sweep by entering the rear bedroom, they had reason to do so, having heard a rustling noise coming from behind the bedroom door. See Buie, 494 U.S. at 334 (holding that officers may search beyond the area immediately adjoining the place of arrest whenever "articulable facts which, taken together with the rational inferences from those

---

[1]The agents also testified that they observed the butt of an assault rifle sticking out of the bedroom closet. Defendant testified that he had hidden the gun underneath two quilts so that the agents could not have seen it. We agree with the district court that, even excluding from our consideration the observations made of Defendant's closet, the agents had enough evidence to establish probable cause for the search warrant based on what they observed in the rest of the house. See United States v. Forrester, 512 F.3d 500, 513 (9th Cir. 2008).

3

facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene").  In these circumstances, the agents' legitimate interest in protecting their safety outweighed the intrusion into Defendant's privacy.  They did not violate the Fourth Amendment.

AFFIRMED.